IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LAUREL BYERS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 8:24-cv-02074-PX |
| CAPITAL DIGESTIVE CARE, LLC, | * | |
| Defendant. | * | |
| | * | |
| | * | |
| | * | |
| | *** | |

## MEMORANDUM OPINION

Pending is the joint motion for settlement approval filed by Plaintiff Laurel Byers ("Byers") and Defendant Capital Digestive Care, LLC ("Capital Digestive").  ECF No. 15. Byers brought this wage and hour case pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the Virginia Overtime Wage Act, Va. Code § 40.1-29.3; and the Virginia Wage Payment Act, Va. Code § 40.1-29.  The Court has reviewed the papers and can resolve the motion without a hearing.  *See* D. Md. Loc. R. 105.6.  For the following reasons, the Court GRANTS the parties' motion, approves the settlement, and dismisses the case with prejudice.

### I. Background

Capital Digestive is a gastroenterology healthcare provider headquartered in Silver Spring, Maryland.  ECF No. 1 at 2 & 5.  From December 2023 through March 2024, Byers worked in the Suffolk, Virginia office as a registered nurse.  *Id.* at 2.  She worked a total of 36, often nine-hour, shifts for which she was paid an hourly wage of $34.

Byers routinely worked through her 30-minute lunch break but was not compensated for that time.  *Id.* at 4; ECF No. 15-1 at 3 & 8.  Byers filed suit to recover lost wages for this

uncompensated time. ECF No. 1 at 4 & 8. To settle the claims, Capital Digestive has offered to pay Byers for 32 hours of work at the regular $34 hourly rate for a total award of $1,089.55, and $1,410.45 in attorney's fees and costs. ECF No. 15-1 at 2–3.

## II.     Standard of Review

Congress enacted the FLSA to shield workers from substandard wages and working conditions arising from the unequal bargaining power between workers and employers. *See Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). In the Supreme Court's view, "allow[ing] waiver of statutory wages by agreement would nullify the purposes of the Act." *Id.* at 707. Accordingly, the FLSA's requirements generally cannot be modified, waived, or bargained away by contract or settlement, *see id.*, but disputes may be settled with the advance approval of a "court of competent jurisdiction." 29 U.S.C. § 216(b). The Court must ensure "that the settlement reflects a 'reasonable compromise of disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" *Saman v. LBDP, Inc.*, No. DKC-12-1083, 2013 WL 2949047, at *2 (D. Md. June 13, 2013) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Acevedo v. Phoenix Pres. Grp., Inc.*, No. PJM-13-3726, 2015 WL 6004150, at *4 (D. Md. Oct. 8, 2015).

To determine whether the settlement is fair and reasonable, the Court considers the factors articulated in *Lynn's Food Stores*. *See Hackett v. ADF Rest. Invs.*, 259 F. Supp. 3d 360, 365 (D. Md. 2016) (quoting *Beam v. Dillon's Bus Serv., Inc.*, No. DKC-14-3838, 2015 WL 4065036, at *3 (D. Md. July 1, 2015)); namely, (1) whether a bona fide FLSA dispute exists between the parties; (2) the fairness and reasonableness of the settlement; and (3) the reasonableness of the attorney's fees, if included in the agreement. *Id*. These factors are most likely satisfied where there is an "assurance of an adversarial context," and the employee is

"represented by an attorney who can protect their rights under the statute." *Lynn's Food Stores*, 679 F.2d at 1354. The Court addresses each factor in turn.

### III. Analysis

#### A. Bona Fide Dispute

To determine whether a bona fide dispute over FLSA liability exists, the Court reviews the pleadings, any subsequent court filings, and the parties' recitals in the proposed settlement. *See Lomascolo v. Parsons Brinckerhoff, Inc.*, No. AJT-JFA-08-1310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009). Absent evidence of collusion or wrongdoing, "a court should be hesitant to substitute its own judgement for that of counsel." *Id.* (citing *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977).

Byers avers that Capital Digestive owes her a mix of regular and overtime wages for the 30 minutes of uncompensated time across 36 shifts. ECF No. 1 at 6; ECF No. 15 at 6. Capital Digestive, by contrast, contends that Byers did not work through her lunch breaks, and even if she did, the company was unaware at the time. ECF No. 15-1 at 4. Accordingly, the case involves a bona fide FLSA dispute.

#### B. Fairness and Reasonableness of the Settlement

Courts evaluate the fairness and reasonableness of a settlement based on six factors: (1) the extent of discovery undertaken; (2) the stage of the proceedings, including the complexity, expense, and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of plaintiff's counsel; (5) the opinions of counsel; and (6) the probability of the plaintiff's success on the merits, and the amount of settlement contrasted with the potential recovery. *Hackett*, 259 F. Supp. 3d at 365 (quotation omitted). As to the first two factors, although the parties did not conduct formal discovery, they did exchange timekeeping

records and summaries of relevant evidence that support their respective positions. ECF No. 15-1 at 5. The parties also agree that the settlement – which pays Byers an additional hour instead of 30 minutes for 32 shifts – represents a fair compromise that avoids the costly discovery necessary to ascertain which days Byers actually worked through lunch, and whether the additional work resulted in her entitlement to overtime versus regular pay. *Id.* at 5–6. *See Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 409 (D. Md. 2014) (noting the agreement was fair and reasonable because "resources that otherwise would have been consumed by the litigation were made available for settlement, and the risk and uncertainties for both parties were reduced."). When balancing the costs of litigation against the settlement amount, the settlement appears fair and reasonable.

The Court next considers the remaining factors collectively. Byers' counsel is an experienced wage-and-hour attorney, and so, appears well-positioned to assess the benefits of settlement in lieu of litigation. ECF No. 15-1 at 7. Further, no evidence suggests that the settlement agreement is the product of fraud or collusion. *Id*. *See Lomascolo,* 2009 WL 3094955, at *12 ("There is a presumption that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary."). Rather, the parties engaged in "arms-length negotiations" during which "counsel for the parties evaluated the risks of proceeding forward." *Id*. at 4. Accordingly, based on these considerations, the Court accepts the settlement as fair and reasonable.

The Court next turns to the attorney's fee request.

### C.    Reasonableness of Attorney's Fees

Section 216(b) of the FLSA expressly provides that "in addition to any judgment awarded to the plaintiff or plaintiffs," the court must "allow a reasonable attorney's fee to be

paid." 29 U.S.C. § 216(b).  Courts must also ensure that any attorney's fees in a settlement agreement are, in fact, reasonable.  *See Leigh v. Bottling Grp., LLC*, 2012 WL 460468, at *5 (D. Md. 2012).  "[T]he reasonableness of [such] fee[s] . . . must be independently assessed, regardless of whether there is any suggestion that a conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Id*. (internal quotation omitted). The reasonableness of the requested fee is assessed using the lodestar method, or the "reasonable hourly rate multiplied by hours reasonably expended."  *Lopez v. XTEL Const. Grp., LLC*, 838 F. Supp. 2d 346, 348 (D. Md. 2012).  Several non-exhaustive factors guide this Court in assessing the reasonableness of the requested fee:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between the attorney and client; and (12) the attorneys' fees awards in similar cases.

*Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243-44 (4th Cir. 2009); *see also Rum Creek Coal Sales, Inc.*, 31 F.3d at 175 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).

As to the hourly rate sought, counsel has substantially discounted his rate from $500 to $300.  ECF No. 15-1 at 7.  *See Duprey*, 30 F. Supp. 3d at 412 (noting that counsel's acceptance of a discounted rate was reasonable for purposes of FLSA settlement agreement).  The requested hourly rate also comports with prevailing rates for similarly situated counsel.  *See* D. Md. Loc. R. App. B at 127; *Duprey*, 30 F. Supp. 3d at 412 (quoting *Blum v. Stevenson*, 465 U.S. 886, 890 n. 11 (1984) ("An hourly rate is reasonable if it is in line with those prevailing in the community

for similar services by lawyers of reasonably comparable skill, experience, and reputation."). Thus, it appears reasonable.

As for the hours expended – seven – although the case does not appear overly complex, counsel has well-justified his time. Counsel appeared to handle the matter efficiently. Further, in accepting the matter on contingency, counsel assumed the risk for any potentially unfavorable outcome, and so should be compensated for those hours expended to secure a favorable outcome for Byers. ECF No. 15-1 at 8. Thus, the Court approves the agreed-upon attorney fee.

### IV. Conclusion

Based on the above, the Court GRANTS the motion to approve settlement at ECF No. 15. A separate order follows.

May 2, 2025_____  
Date

_____/S/_____  
Paula Xinis  
United States District Judge